**WO**                                                                                          JDN

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Jose Luis Arriaga,                              )       No. CV 05-0252-PHX-NVW (VAM)
                                                )
           Plaintiff,              )       **ORDER**
vs.                                             )
                                                )
State of Arizona, et al.,                       )
                                                )
           Defendants.             )
_____ )

      This is a civil rights action pursuant to 42 U.S.C. § 1983 filed by an inmate confined in the Barchey Unit in the Arizona State Prison in Buckeye, Arizona. The Court will dismiss the action with leave to amend.

**A.**   **Application to Proceed In Forma Pauperis & Filing Fee.**

      Plaintiff's request to proceed *in forma pauperis* will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $150.00 for this action.[1] An initial partial filing fee of $16.16 will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of Court. Thereafter, Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds

---

[1]Effective February 7, 2005, the filing fee for a civil rights action increased from $150.00 to $250.00. See 28 U.S.C. § 1914, amended by, Consolidated Appropriations Act of 2005, Pub. L. No. 108-447, 118 Stat. 2809, Sec. 307 (December 8, 2004). Plaintiff's Complaint is not subject to the increased fee because it was filed prior to the effective date of the increase.

JDDL-K

$10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**B.    Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.   28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).  The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129.  A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected.  Id. at 1130.  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine the district judges' role as impartial decisionmakers." Pliler v. Ford, 124 S. Ct. 2441, 2446 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether court was required to inform litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim, *with* leave to amend because the complaint may possibly be saved by amendment.

**C.    Complaint.**

Plaintiff's Complaint concerns his previous confinement at the Maricopa County Towers Jail in Phoenix, Arizona.  Plaintiff sues the State of Arizona, the County of

1    Maricopa, and the Maricopa County Sheriff's Office.  In his Complaint, Plaintiff alleges that

2    the jail is severely overcrowded, there are dangerously high levels of carbon dioxide and

3    methane gas, and the food is insufficient and spoiled.  For relief, Plaintiff seeks monetary

4    damages in the amount of $20,000.

5    **D.    Improper Defendants.**

6        *1. State of Arizona*

7        Plaintiff sues the State of Arizona.    Under the Eleventh Amendment to the

8    Constitution of the United States, a state or state agency may not be sued in federal court

9    without its consent.  Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100

10   (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).   "Furthermore, a state is not a

11   'person' within the meaning of § 1983."  Hale v. State of Arizona, 993 F.2d 1387, 1398 (9th

12   Cir. 1993) (en banc).  Therefore, the State of Arizona must be dismissed.

13       *2. Maricopa County Sheriff's Office*

14       The Maricopa County Sheriff's Office is not a proper Defendant.  In Arizona, the

15   responsibility of operating jails and caring for prisoners is placed by law upon the sheriff.

16   See A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office is simply an administrative

17   creation of the county sheriff to allow him to carry out his statutory duties, and not a

18   "person" amenable to suit pursuant to § 1983.  Accordingly, the Maricopa County Sheriff's

19   Office will be dismissed from this action as an improper Defendant.

20       *3. County of Maricopa*

21       Claims under § 1983 may be directed at "bodies politic and corporate."   Monell v.

22   Dept. of Soc. Servs., 436 U.S. 658, 688-89 (1978).  "[A] municipality can be sued under

23   § 1983, but it cannot be held liable unless a municipal policy or custom caused the

24   constitutional injury."    Leatherman v. Tarrant County Narcotics Intelligence and

25   Coordination Unit, 507 U.S. 163, 166 (1993).  There are no allegations to show that a

26   municipal policy or custom caused Plaintiff's injuries.  In light of the foregoing, there are no

27   named Defendants who may be liable for Plaintiff's claims.

28       Plaintiff may name an official-capacity defendant.  A suit against an individual in his

JDDL-K                                                              - 3 -

1   official capacity is equivalent to a suit brought against the governmental entity; in this case,

2   Maricopa County.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  For

3   a person to liable in his official capacity, Plaintiff must allege that he acted as a result of a

4   policy, practice, or custom of Maricopa County.  See Cortez v. County of Los Angeles, 294

5   F.3d 1186, 1188 (9th Cir. 2001) (citing Monell, 436 U.S. at 690-91).

6        If the evidence justifies it, Plaintiff may also name persons in their individual

7   capacities.  If he does so, he must write short, plain statements telling the court: (1) the

8   constitutional right Plaintiff believes was violated; (2) the name of the person who violated

9   the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction

10  of that person is connected to the violation of Plaintiff's constitutional right; and (5) what

11  specific injury Plaintiff suffered because of that person's conduct.  Rizzo v. Goode, 423 U.S.

12  362, 371-72, 377 (1976).  Plaintiff must repeat this process for each person he names as a

13  Defendant.  If Plaintiff fails to do this for any person named as a Defendant, the court will

14  dismiss that Defendant from this action.

15  **E.    Leave to Amend.**

16       For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

17  a claim upon which relief may be granted.  Plaintiff may amend his Complaint to cure the

18  deficiencies outlined above.  The Clerk of Court will be directed to provide Plaintiff with a

19  Court-approved form for filing a civil rights complaint.  Plaintiff is advised that the amended

20  complaint must be retyped or rewritten in its entirety on the court-approved form and may

21  not incorporate any part of the original Complaint by reference.  Any amended complaint

22  submitted by Plaintiff should be clearly designated as such on the face of the document.

23       Plaintiff is also reminded that in an Amended Complaint, he may only include one

24  claim per count.  The "one claim per count" rule is set forth in the form Complaint and

25  accompanying instructions, and is a requirement imposed by the local rules of this Court.

26  See LRCiv 3.4(a) (complaint must be in accordance with the instructions provided with the

27  form).

28       An amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963

JDDL-K                                    - 4 -

F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the original pleading is treated as nonexistent. Ferdik, 963 F.2d at 1262.  Thus, causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**F.   Address Changes.**

In the notice of assignment issued in this action (Doc. #2), Plaintiff was advised he must file a notice of change of address if his address changes.  Plaintiff is again reminded that at all times during the pendency of this action, Plaintiff shall immediately advise the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  Plaintiff shall serve a copy of the Notice of Change of Address on all opposing parties.  The notice shall contain only information pertaining to the change of address and its effective date, and shall not include a motion for other relief.  Failure to timely file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**G.   Warning of Possible Dismissal.**

Plaintiff should take note that if he fails to timely comply with every provision of this Order, this action will be dismissed without further notice.  See Ferdik, 963 F.2d at 1260-61(district court may dismiss action for failure to comply with any order of the Court). Moreover, because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal of this action will count as a "strike" under the "three strikes" provision of the Prison Litigation Reform Act.  See 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED that:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28 U.S.C. § 1915(a)(1).

(2)  Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action.

Plaintiff is assessed an initial partial filing fee of $16.16.  All fees shall be collected and paid in accordance with this Court's Order to the appropriate government agency filed concurrently herewith.

(3)  The Complaint is **dismissed** for failure to state a claim.  Plaintiff shall have **30 days** from the date this Order is filed to file an Amended Complaint in compliance with this Order.

(4)  The Clerk of Court shall enter a judgment of dismissal of this action with prejudice and without further notice to Plaintiff, if Plaintiff fails to file an amended complaint within thirty (30) days of the date this Order is filed.  Upon entry of judgment, the Clerk shall make an entry on the docket in this matter indicating that the dismissal of this action falls within the purview of 28 U.S.C. § 1915(g).

(5)  Aside from the two copies of the complaint or amended complaint that must be submitted pursuant to Rule 3.5(a) of the Local Rules of Civil Procedure, a clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  See LRCiv 5.4.  Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff.

(6)  The Clerk of Court shall provide to Plaintiff a current court-approved form for filing a civil rights complaint by a prisoner.

DATED this 13th day of October, 2005.


_____
Neil V. Wake
United States District Judge